[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12084
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80139-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMY JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2020)

Before LUCK, LAGOA and BLACK, Circuit Judges.

PER CURIAM:

Jimy Joseph appeals his convictions for conspiring to export firearms to Haiti without a license, in violation of 18 U.S.C. § 371, and fraudulently and knowingly attempting to do so, in violation of 18 U.S.C. § 554.  He asserts the district court manifestly abused its discretion by denying his motion to strike the jury venire after several potential jurors made comments related to school shootings and stricter gun laws.  He also contends the district court abused its discretion in permitting non-expert testimony about how he "appeared" to understand a conversation about firearms regulations.  After review, we affirm in part, and vacate and remand for the limited purpose of correcting the judgment.

## I.  DISCUSSION

### A.  *Jury Panel*

"We review the district court's determination whether to strike an entire jury panel for manifest abuse of discretion."  *United States v. Trujillo*, 146 F.3d 838, 842 (11th Cir. 1998).  To demonstrate error in the denial of a motion to strike the panel, the defendant must overcome the presumption of juror impartiality by a showing of "actual bias." *United States v. Khoury*, 901 F.2d 948, 955 (11th Cir.1990).

In *Khoury*, this Court reviewed the district court's denial of a motion to strike a jury panel in a drug-related case, where a potential juror said that her son had been charged with a crime and murdered in a drug-related incident, and she

cried before the other jurors. *Id.* The district court removed the juror but did not strike the panel. *Id.* This Court affirmed, holding the defendants had not demonstrated actual bias—that is, "either an express admission of bias, or proof of specific facts showing such a close connection to the circumstances of the case that bias must be presumed"—and noted this was not a case where the juror's remark constituted an opinion as to the guilt or innocence of the defendants or related to their knowledge of the case. *Id.*

The district court did not manifestly abuse its discretion by denying Joseph's motion to strike the jury venire because he did not show actual bias or the presumption of bias. As with *Khoury*, the jurors' statements did not reflect an opinion on the guilt or innocence of Joseph or specific knowledge of the case. *See id.* Rather, all of the jurors stated they could be impartial, which results in a presumption of impartiality that Joseph has not overcome. None of the empaneled jurors made any concerning statements about the Parkland shooting or firearms that could be construed as expressed admissions of bias. Unlike the juror's statement in *Khoury* about her son's connection to drugs in a drug-related case, the jurors' comments are at best only connected to Joseph's case through the involvement of the same firearm, the AR-15—an aspect tangential to Joseph's failure to obtain the proper licenses. *See id.*

3

*B. Evidentiary ruling*

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Wenxia Man*, 891 F.3d 1253, 1264 (11th Cir. 2018). Lay witness testimony must be rationally based on the witness's perception. Fed. R. Evid. 701. Such testimony must be based on first-hand knowledge or observation. *United States v. Marshall,* 173 F.3d 1312, 1315 (11th Cir. 1999). By contrast, under Federal Rule of Evidence 704(b), expert witnesses are prohibited from stating an opinion on whether the defendant did or did not have the mental state or condition that constitutes an element of the crime charged. Fed. R. Evid. 704(b). This Court has affirmed the district court's denial of the admission of expert testimony when the expert testified the defendant "intended to have real sex with a minor" and "intended to act out a fantasy." *United States v. Stahlman*, 934 F.3d 1199, 1220 (11th Cir.), *cert. denied*, __ S. Ct. __, 2019 WL 6107893 (Nov. 18, 2019).

The district court did not abuse its discretion in allowing the witness's testimony as it was based on her rational perception that Joseph appeared to understand their conversation about firearms regulations. Because the Government did not qualify the witness as an expert, her testimony was subject to the restrictions in Rule 701, not Rule 704, and therefore, Joseph's comparison to Rule 704 is unfounded. Fed. R. Evid. 701, 704. Further, the witness's testimony was

4

based on her rational perception, as she limited her response to her observation of Joseph's appearance and did not stray into his intentions or state of mind.

## II.  CONCLUSION

The district court did not abuse its discretion by denying Joseph's motion to strike the jury panel or in permitting testimony about how Joseph "appeared" to understand a conversation about firearms regulations.  Thus, we affirm Joseph's convictions.  However, the judgment incorrectly reflects the nature of Joseph's offense for Count 4.  It incorrectly states that Count 4 was a violation for smuggling goods *into* the United States under 18 U.S.C. § 554(a).  However, § 554(a) only covers the exportation of goods.  Accordingly, on this basis alone, we vacate and remand for the limited purpose of the district court correcting the judgment.

**AFFIRMED IN PART, VACATED AND LIMITED REMAND IN PART.**

5